## STATE OF OHIO EX REL. v. LEVI E. MEACHAM, CLERK, ETC.

1. CLERK MUST ENTER ALL ORDERS ON JOURNAL.
The clerk of the court of common pleas must, under the statute, enter on the journal all orders and acts of the judge of the court during the term.   All changes should be subsequently entered by the clerk without omission of any former entry.

2. MANDAMUS WILL LIE TO COMPEL ENTRY OF AMOUNT FIXED FOR AN APPEAL BOND, ALTHOUGH AMOUNT HAS BEEN INCREASED.
Mandamus will lie to compel the clerk of the court of common pleas to enter upon the journal of the court the fact that the court has fixed the amount of the appeal bond to be given by the party desiring an appeal at a certain amount, when bond in such amount has been given by such would-be appellant, although the fixing of such amount has not been journalized by the clerk, and the amount fixed for appeal has been subsequently increased by the judge who fixed the same and before it was journalized.

3. FOR THE PURPOSES OF APPEAL, JUDGMENT IS RENDERED WHEN ANNOUNCED.

It is necessary, for many purposes, that a judgment should be entered upon the record, in order to have further action taken upon it, but for the purposes of an appeal, the judgment is rendered at the time it is pronounced by the court, and before it is actually placed upon the record by the clerk (*contra* State v. Judges, 7 Ohio, pt. 1, 134).

4. APPEAL REMOVES CASE TO THE CIRCUIT COURT.

In an appealable case, after notice of appeal and bond has been given, the case is *eo instanti* in the circuit court, although the clerk has journalized neither the decree nor the notice of appeal; and the rule that a judgment in a case is within the control of the court during the term at which it is rendered, and that the case does not go beyond the power of the court until the close of the term, has no application to such case.

Error to the Court of Common Pleas of Cuyahoga county.

UPSON, C. J.

This is an action brought to enter upon the journal of the court of common pleas, the action of that court fixing the amount of an appeal bond to be given in the case of Jane Best v. Mary Marshall et al.

There is no dispute in regard to the facts of the case. The only question to be decided by the court is one of law. The facts, so far as they are material, are these:

The case of Jane Best v. Mary Marshall et al., was tried at the September term, 1891, of the court of common pleas of this county, and the decision of the court was given. After the case was decided against Mary Marshall, relator in this case, she gave notice of her intention to appeal the cause to this court, and the court thereupon fixed the amount of the appeal bond to be given by her upon her appeal at the sum of $150.00, and two days thereafter she gave a bond for appeal in that sum, the bond being approved by the clerk of the court of common pleas so far as the sureties are concerned, and the case was docketed in this court. Afterwards, upon the attention of the court of common pleas being called to the matter by the counsel for the plaintiff in that case, the amount of the appeal bond was changed to $850.00, and the transcript of journal entries filed in this court shows that to have been the amount fixed by the court. But there is nothing appearing in the transcript of journal entries showing that the court had ever fixed the amount of the appeal bond at $150.00. The relator now asks that the court of common pleas may be required to enter upon the journal the action of the court fixing the amount at $150.00.

These are the admitted facts in the case, and the question is whether, after the court had actually fixed the amount, and bond had been given in accordance with that, whether the court can change the amount, and the clerk need not enter upon the journal the written action of the court.

Two or three defenses are brought to our attention in the case, and the first is that under the law a judgment in a case during a term at which it is rendered, is within the control of the court, and that any action of the court may be modified during the term at which the judgment is rendered, and that the case does not go beyond the power of the court until the close of the term. Now, the statute provides, sec. 5235, Rev. Stat., that when an appeal is taken and bond given, the judgment is thereby suspended. The claim is made on behalf of the relator, that when the amount of the bond was fixed by the court, and after the bond was given, the case went beyond the jurisdiction of the court of common pleas, and was no longer pending there, but is in the circuit court, and we think that point is well taken. It is said, again, that the judgment had not been entered upon the journal of the court, and that the entry of notice of appeal and also of the amount of the bond to be given were not to be entered upon the journal, and should not be entered until after the entry of the judgment. Now, the rendition of the judgment of the court, and the entry of that judgment upon the journal, are two distinct matters. The rule in regard to that is very well stated in "Black on Judgments," page 106.

"The rendition of a judgment is the judicial act of the court pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict. The entry of the judgment is a ministerial act, which consists in spreading upon the record a statement of the final conclusion reached by the court in the matter, thus furnishing external, incontestable evidence of the sentence given, and designed to stand as a perpetual memorial of its action. It is the former, therefore, that is the effective

result of the litigation. In the nature of things, a judgment must be rendered before it can be entered; and not only that, but though the judgment be not entered at all, still it is none the less a judgment. The omission to enter it does not destroy it, nor does its vitality remain in abeyance until it is put on the record.

Now, for many purposes it is necessary that the judgment should be entered upon the record in order to have further action taken upon that judgment, but for the purpose of an appeal we are of the opinion that the judgment is rendered at the time it is pronounced by the court, and before it is actually placed by the clerk upon the record, and the practice in this county—in, perhaps, all the counties of the state, is in accordance with that practice. Commonly, judgments are not, as a matter of fact, entered upon the record until long after the term at which they are rendered, and, as a matter of fact, they cannot be. The statute provides that the court may, on motion of the party entering notice of appeal on such reasonable terms as may be necessary for the security of the adverse party to protect the interest of a party desiring an appeal, direct execution to be stayed for thirty days. Now, for many purposes it is often necessary that the appeal should be perfected before the close of the term at which the judgment is rendered, and the amount of the appeal bond fixed by the court. In this case the record shows that the judgment was rendered, that the amount of the bond was fixed by the court, bond given and approved, its sureties being approved by the clerk of the court. Now, that is all the party appealing could do. It is not the duty of the party appealing to enter notice of appeal and the amount fixed by the court upon the record. That is a ministerial duty, to be performed by the clerk, and no omission on the part of the clerk will take away the right of appeal which the law gives to the party against whom judgment is rendered.

It is said further that the bond given in this case was not such a bond as is provided by law; that it does not comply with the provisions of sec. 5230, Rev. Stat., which provides that when the judgment is personal against the party for payment of money only, the penalty of the appeal bond shall be double the amount of the judgment. In all other cases, including cases in which the judgment is against the party for nominal damages and costs, or for costs only, the court shall, at the time of the rendition of the judgment, ascertain and fix the penalty of the appeal bond to be given in the event of an appeal at such reasonable amount as will, in the opinion of the court, be sufficient to cover the probable loss, damages or injury which the other party or parties may sustain by the delay, and the costs or damages which may be awarded in the appellate court. It is claimed that this is a case in which the amount of the appeal bond should have been double the amount of the money judgment awarded against this party, and it may be said that it might have been proper, in the discretion of the court, to require that a bond in that amount should be given; but this case does not come within the provision of the statute applying to cases where the judgment is personal against the party for the payment of money only, but is a judgment for the conveyance of land and for other things which it is not necessary to mention. It is not a judgment for the payment of money only, and it is therefore clearly within the discretion of the court to fix the amount that was given, in accordance with the decision of the supreme court in the case reported in Branch v. Dick, 14 O. S. 551.

We are of the opinion that under the facts stated in the pleadings, and admitted upon the hearing of the case, the party is entitled to the relief asked.

W. C. Rogers, for relator.

L. E. Meacham, p.p.